■ HELEN HOROWITZ, as Executrix of JACK HOROWITZ, Also Known as JACK HOOKE, Deceased, Appellant, v RAMON SANTAMARIA, Also Known as MONGO SANTAMARIA, Doing Business as MONGO MUSIC, et al., Respondents. [731 NYS2d 449] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about March 1, 2001, which granted defendants' motion to dismiss the complaint on the ground that the alleged contract violated the Statute of Frauds, unanimously modified, on the law, to declare in defendants' favor that the alleged contract is void under the Statute of Frauds, and otherwise affirmed, without costs.

Plaintiff estate alleges an oral agreement with defendants pursuant to which it is entitled to continue in the decedent's stead to collect commissions on royalties received by defendant Ramon "Mongo" Santamaria. It is, however, clear that because defendants' potential liability under the agreement as alleged would endure beyond the end of a lifetime, the agreement falls within the Statute of Frauds (*see*, General Obligations Law § 5-701 [a] [1]). Although plaintiff relies on certain documents

to take the alleged agreement out of the Statute's ambit, such documentation, while evidencing that the decedent was in fact defendant's manager for some 35 years, fails adequately to set forth the alleged contract's essential terms (*see, Crabtree v Elizabeth Arden Sales Corp.*, 305 NY 48; *Allied Sheet Metal Works v Kerby Saunders, Inc.*, 206 AD2d 166, 168), omitting, most notably, any provision requiring defendants to pay commissions to decedent's representatives subsequent to his death. Nor is the doctrine of partial performance applicable to take the alleged agreement out of the Statute. Assuming, without deciding, that application of the doctrine is consonant with General Obligations Law § 5-701 (*but compare,* General Obligations Law §§ 5-701 and 5-703; *and see, Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 234-235, n 1), the equitable grounds warranting resort to the doctrine (*see, id.*, at 235-236) are not here present. Plaintiff has performed no act unequivocally referable to the alleged agreement (*see, id.; and see, e.g., Ghaffari v Rima Investors Corp.*, 266 AD2d 111). We modify only to declare in defendants' favor (*see, Lanza v Wagner*, 11 NY2d 317, 334). Concur—Nardelli, J. P., Tom, Mazzarelli, Ellerin and Lerner, JJ.